# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

Pamela F. Beiler,

    Plaintiff,

vs.

Fifth Third Bank,

    Defendant.

———————————————————

Fifth Third Bank,

    Counterclaim Plaintiff,

vs.

Scott Foster,

    Counterclaim Defendant.

1:13-cv-867

## AMENDED ANSWER AND COUNTERCLAIMS OF FIFTH THIRD BANK

Defendant Fifth Third Bank ("Fifth Third ") hereby answers the Complaint of Pamela F. Beiler ("Plaintiff") and asserts counterclaims against Plaintiff and Scott Foster ("Foster" or "Counterclaim Defendant") as herein stated:

**FIRST DEFENSE**
**(General Denial)**

1. Fifth Third denies each and every allegation of the Complaint except those that are hereinafter expressly admitted.

**Introduction**

2. Fifth Third denies the allegations of paragraph 1.

1

## Jurisdiction and Venue

3. Fifth Third admits the allegations of paragraph 2.

4. Answering the allegation of paragraph 3, Fifth Third admits only that it is engaged in the business of issuing credit cards and collecting credit card debts within the Durham Division of the Middle District of North Carolina.

5. Answering the allegations of paragraph 4, Fifth Third admits that it has branches in North Carolina, one of which is located in the Rowan County, North Carolina.

6. Answering the allegations of paragraph 5, Fifth Third admits only that it is engaged in the business of issuing credit cards and collecting credit card debts within the Durham Division of the Middle District of North Carolina.

7. Answering the allegations of paragraph 6, Fifth Third admits only that it knew that the phone number xxx-xxx-1563 was a cell phone and that it had a North Carolina area code. Fifth Third denies that it ever knew that xxx-xxx-4711 was a cell phone. Fifth Third further answers that it did not know where the recipients of calls made to the phone numbers described in Complaint were located.

8. Fifth Third denies the allegations of paragraph 7.

9. Answering the allegations of paragraphs 8 and 9, Fifth Third denies that it engaged in any illegal behavior. Fifth Third is without information or knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff was located in North Carolina when the alleged phone calls were made. Fifth Third denies the remaining allegations of paragraphs 8 and 9.

10. Fifth Third is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

2

11. Answering the allegations of paragraph 11, Fifth Third denies that it engaged in any behavior that caused any harm to Plaintiff. Fifth Third is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.

12. Fifth Third admits the allegations of paragraph 12.

### Parties

13. Fifth Third is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraphs 13 and 14.

14. Fifth Third admits the allegations of paragraphs 15 and 16.

### General Overview of the TCPA

15. The allegations of paragraphs 17 through 20 state legal conclusions to which no response is required. To the extent a response is required, Fifth Third denies them.

### Facts

16. Answering the allegations of paragraph 21, Fifth Third admits only that Foster applied for a Fifth Third Platinum Mastercard account xxxx-xxxx-xxxx-4510 (the "Credit Card Account") on or about December 24, 2008.

17. Fifth Third admits the allegations of paragraph 22.

18. Fifth Third is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraphs 23 and 24, and therefore denies them.

19. Answering the allegations of paragraph 25, Fifth Third admits only that it made phone calls to the phone numbers xxx-xxx-1563 and xxx-xxx-4711 in efforts to discuss the delinquent status of the Credit Card Account with Foster.

20. Fifth Third is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

21. Answering the allegations of paragraphs 27 and 28, Fifth Third admits only that the some phone calls to cell phone number xxx-xxx-1563 were made using an automatic telephone dialing system. Fifth Third denies that the phone number xxx-xxx-4711 was ever called using an automatic dialing system. Fifth Third denies the remaining allegations of paragraphs 27 and 28.

22. Fifth Third admits the allegations of paragraph 29.

23. Answering the allegations of paragraph 30, Fifth Third admits only that the some phone calls to cell phone number xxx-xxx-1563 were made using an automatic telephone dialing system. Fifth Third denies that the phone number xxx-xxx-4711 was ever called using an automatic dialing system.

24. Fifth Third denies the allegations of paragraph 31.

25. The allegations of paragraphs 32 and 33 state legal conclusions to which no response is required. To the extent a response is required, Fifth Third denies them.

26. Fifth Third denies the allegations of paragraphs 34 through 38.

27. Answering the allegations of paragraph 39, Fifth Third admits only that the some phone calls to cell phone number xxx-xxx-1563 were made using an automatic telephone dialing system. Fifth Third denies that the phone number xxx-xxx-4711 was ever called using an automatic dialing system. Fifth Third has not made any calls to either of the phone numbers since March 17, 2010.

28. Answering the allegations of paragraph 40, Fifth Third admits only that it has policies and procedures in place to ensure compliance with all state and federal laws. The remainder of the allegations of paragraph 40 state legal conclusions to which no response is required. To the extent a response is required, Fifth Third denies them.

4

Case 1:13-cv-00867-TDS-JEP   Document 14   Filed 12/13/13   Page 4 of 14

29. Answering the allegations of paragraph 41, Fifth Third admits only that it did not call either of the phone numbers prior to 8:00 a.m. or after 9:00 p.m.

30. Fifth Third denies the allegations of paragraphs 42, 43, and 44.

**Claim for Relief**
**(Count I—TCPA, Automatic Telephone Dialing System)**

31. Answering the allegations of paragraph 45, Fifth Third realleges the previous paragraphs of this Answer as fully as if repeated verbatim herein.

32. Fifth Third denies the allegations of paragraphs 46 through 49.

**Claim for Relief**
**(Count II—TCPA, Artificial or Prerecorded Voice)**

33. Answering the allegations of paragraph 50, Fifth Third realleges the previous paragraphs of this Answer as fully as if repeated verbatim herein.

34. Fifth Third denies the allegations of paragraphs 51 through 54.

**Demand for Preservation**

35. The allegations of paragraph 55 do not require a response from Fifth Third.

**FOR A SECOND DEFENSE**
**(Failure to State a Cause of Action)**

36. Plaintiff fails to state a claim against Fifth Third upon which relief may be granted.

**FOR A THIRD DEFENSE**
**(Prior Express Consent)**

37. Fifth Third had the prior express consent of Foster, for himself and for Plaintiff, to make calls to the cell phone number xxx-xxx-1563, and therefore is not subject to liability under 47 U.S.C. § 227.

## FOR A FOURTH DEFENSE
### (Fault of Plaintiff)

38. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly or proximately caused and contributed to by Plaintiff's failure to exercise control over the phone numbers or by the breach, conduct, omissions, activities, recklessness, carelessness, negligence, or intentional misconduct of Plaintiff, and not by Fifth Third.

## FOR A FIFTH DEFENSE
### (Mistake)

39. If any alleged acts or omissions of Fifth Third took place giving rise to a claim, such were the result of innocent mistakes and/or bona fide errors despite reasonable procedures implemented by Fifth Third. Fifth Third acted in a reasonable manner in connection with the transactions at issue in this action.

## FOR A SIXTH DEFENSE
### (Acts of Third Parties)

40. Plaintiff's claims for damages, if any, directly and proximately result, in whole or part, from the intervening and superseding acts of third parties over whom Fifth Third had no control and is not responsible.

## COUNTERCLAIMS AGAINST PLAINTIFF AND COUNTERCLAIM DEFENDANT

### Facts Common to Counterclaims

41. On or about December 24, 2008, Foster applied for the Credit Card Account. In his application, Foster listed xxx-xxx-1563 as his phone number and authorized Fifth Third to contact him at that number.

42. By listing xxx-xxx-1563 as his cell phone number on the Credit Card Account application, Foster warranted, represented, and promised that the cell phone number xxx-xxx-1563 belonged to him, or, at a minimum, that he had authority to authorize Fifth Third to contact him at the cell phone number.

43. Plaintiff, who claims to be the sole subscriber of cell phone number xxx-xxx-1563, allowed Foster to exercise exclusive possession, use, and control over cell phone number xxx-xxx-1563.

44. Plaintiff knew or should have known that Foster provided cell phone number xxx-xxx-1563 as his primary contact number to Fifth Third, and that Foster represented that he had authority to authorize phone calls to xxx-xxx-1563.

45. Foster also sent Fifth Third written communications advising that he wanted to be contacted at xxx-xxx-1563, and listing xxx-xxx-1563 as his phone number.

46. After the Credit Card Account became delinquent, Fifth Third contacted him at phone number xxx-xxx-1563 concerning the delinquency on the Credit Card Account.

47. Foster sent demand letters and filed an arbitration claim alleging that Fifth Third violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and other North Carolina statutes by contacting Foster. Based on his allegations, Foster demanded monetary damages and compensation from Fifth Third.

48. In connection with his arbitration claim, Foster filed an affidavit stating that between October 1, 2009, and March 17, 2010, he received over 200 phone calls from Fifth Third at cell phone number xxx-xxx-1563. Foster alleged that the calls violated the TCPA.

49. In his affidavit filed in the arbitration claim, Foster stated that at all times relevant to his complaint, that he was in possession of the cell phone number xxx-xxx-1563. Foster further referred to the cellular phone as "my cellular telephone" and "my phone."

50. Foster made other numerous representations to Fifth Third that he was the owner of cell phone number xxx-xxx-1563, which were intended to fraudulently induce Fifth Third into settling the arbitration claim.

51. Foster's statements to Fifth Third in written and oral communications, including the arbitration claim, were negligent, false, and misleading.

52. On information and belief, the phone calls described in Foster's affidavit are many of the same phone calls Plaintiff complains of in her Complaint.

53. To resolve Foster's claims, Fifth Third and Foster entered into a Confidential Settlement Agreement (the "Settlement Agreement") whereby Foster agreed to release Fifth Third from any liability concerning the phone calls to xxx-xxx-1563.

54. Fifth Third would not have entered into the Settlement Agreement if it had known that Foster's statements concerning the ownership of cell phone number xxx-xxx-1563 were false.

55. On information and belief, both Foster and Beiler financially benefitted from the terms of the Settlement Agreement.

56. This Court has jurisdiction over the above-named parties, and the subject matter of this action.

## FIRST COUNTERCLAIM
### (Civil Conspiracy)

57. Fifth Third incorporates each and every other Paragraph of this Answer that is relevant and consistent with this defense and claim.

58. Upon information and belief, Foster and Plaintiff conspired together to extort settlement funds from Fifth Third based on conflicting, misleading, or false representations concerning the ownership of cell phone number xxx-xxx-1563.

59. Foster knowingly made false representations and allegations to Fifth Third that he was the owner of the cell phone number xxx-xxx-1563, or that he had authority to authorize or refuse contact at cell phone number xxx-xxx-1563 in order to induce Fifth Third to offer monetary compensation in exchange for the Settlement Agreement.

60. On information and belief, Plaintiff knew that Foster provided cell phone number xxx-xxx-1563 to Fifth Third, and Plaintiff authorized Foster to give authorization to Fifth Third to contact Foster on cell phone number xxx-xxx-1563.

61. Foster and Plaintiff intended and agreed that Fifth Third would release Foster only, so that Plaintiff could make claims concerning the same phone calls a second time, based on different and conflicting representations about the ownership of cell phone number xxx-xxx-1563.

62. On information and belief, Foster and Plaintiff had an agreement for Foster and Plaintiff to both file actions against Fifth Third for allegations arising from the same phone number so as to cause Fifth Third harm.

9

63. As a proximate result of Foster's and Plaintiff's conspiracy, Fifth Third has suffered actual damages and special damages in an amount to be determined at trial, and Fifth Third is entitled to recover the same and punitive damages against Foster and Plaintiff

## SECOND COUNTERCLAIM
## AS AGAINST COUNTERCLAIM DEFENDANT SCOTT FOSTER
### (Fraud)

64. Fifth Third incorporates each and every other Paragraph of this Answer that is relevant and consistent with this defense and claim.

65. In his application for the Credit Card Account, Foster represented to Fifth Third that he was the owner and user of the cell phone number xxx-xxx-1563, and Foster purported to authorize Fifth Third to contact him at cell phone number xxx-xxx-1563.

66. In written communications with Fifth Third after the Credit Card Account was opened, Foster continued to request and invite Fifth Third to contact him at xxx-xxx-1563.

67. Despite Foster's express invitation for Fifth Third to contact him at cell phone number xxx-xxx-1563, Foster filed an arbitration claim against Fifth Third alleging violations of the TCPA and other North Carolina statutes for the same phone calls that are the basis of Plaintiff's complaint.

68. The phone calls that Foster complained of in his arbitration claim are many of the same phone calls that are the basis of Plaintiff's Complaint.

69. To support his claims, Foster represented in a sworn affidavit that he was the owner and had possession of cell phone number xxx-xxx-1563.

70. If Plaintiff's allegations in the Complaint are true, then Foster's representations that he was the owner of cell phone number xxx-xxx-1563 were false, and his arbitration action was based on fraudulent allegations.

10

71. If Plaintiff's allegations in the Complaint are true, then Foster's representations that he had authority to authorize Fifth Third to contact him at cell phone number xxx-xxx-1563 were false.

72. Foster's misrepresentations concerning the ownership of cell phone number xxx-xxx-1563 and Foster's ability to authorize Fifth Third to contact him on the cell phone number xxx-xxx-1563 were material because Fifth Third relied upon those representations and believed in good faith that it had the prior express consent of the owner and user of the cell phone number xxx-xxx-1563.

73. Foster has actual knowledge that his representations concerning the ownership of the cell phone number xxx-xxx-1563 and his authority to authorize phone calls to that phone number were false.

74. By completing the Credit Card Account application and sending letters to Fifth Third stating that he demanded and authorized that Fifth Third contact him at xxx-xxx-1563, Foster intended for Fifth Third to act upon his misrepresentations to make phone calls to cell phone number xxx-xxx-1563.

75. Fifth Third had no notice or knowledge that Foster's representations concerning cell phone number xxx-xxx-1563 were false.

76. In contacting Foster at cell phone number xxx-xxx-1563, Fifth Third relied on the truth of Foster's representations concerning the cell phone number, and Fifth Third had the right to rely upon the truthfulness of the representations.

77. As a direct, consequent, and proximate result of Fifth Third's reliance upon the truth of Foster's representations concerning the cell phone number xxx-xxx-1563, Fifth Third has suffered actual damages and is entitled to recover the same and punitive damages from Foster.

## THIRD COUNTERCLAIM
## AS AGAINST COUNTERCLAIM DEFENDANT SCOTT FOSTER
### (Negligent Misrepresentation)

78. Fifth Third incorporates each and every other Paragraph of this Answer that is relevant and consistent with this defense and claim.

79. Fifth Third justifiably relied on the representations by Foster made in his affidavit, in letters to Fifth Third, and in the Settlement Agreement to Fifth Third's detriment.

80. Foster did not act with reasonable care in making the statements to Fifth Third in his affidavit, letter, and Settlement Agreement.

81. Foster, as a party to two contracts with Fifth Third, owed Fifth Third a separate and distinct duty not to provide false, deceptive, or misleading information.

82. Foster breached his duties to Fifth Third by representing that he had the authority to authorize phone calls to cell phone number xxx-xxx-1563.

83. Foster further breached his duties to Fifth Third by representing that he was the owner of the cell phone number xxx-xxx-1563.

84. Foster intended that Fifth Third would rely on those representations, and Fifth Third did, in fact, rely on Foster's representations.

85. As a direct, consequent, and proximate result of Foster's breach of his duties to Fifth Third and Fifth Third's reliance upon Foster's representations, Fifth Third has suffered actual damages and is entitled to recover the same and punitive damages from Foster.

**WHEREFORE**, Fifth Third prays that the Plaintiff's Complaint be dismissed with prejudice, and that judgment be granted in favor of Fifth Third against Foster and Plaintiff for actual, special and punitive damages, and for such other relief as the Court may deem just and proper.

12

Respectfully submitted,

**HAYNSWORTH SINKLER BOYD, PA**

*s/ Charles M. Sprinkle*

Charles M. Sprinkle III, N.C. Bar No. 28096
E-mail: csprinkle@hsblawfirm.com
Kenneth N. Shaw, N.C. Bar No. 45011
E-mail: kshaw@hsblawfirm.com
ONE North Main, 2nd Floor
Post Office Box 2048 (29602-2048)
Greenville, South Carolina 29601-2772
Phone:  (864) 240-3200
Fax:     (864) 240-3300
*Attorneys for Fifth Third Bank*

December 13, 2013

# CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2013, I electronically filed the foregoing Amended Answer and Counterclaims of Fifth Third Bank with the Clerk of the Court using CM/ECF system and have verified that such filing was sent electronically using the CM/ECF system to the following:

Robert C. Eckstrand
Ekstrand & Ekstrand
110 Swift Avenue, 2nd Floor
Durham, NC 27705
E-mail: rce@ninthstreetlaw.com

*Counsel for Plaintiff and Counter Defendant Beiler*

Christopher C. North
William L. Downing
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Blvd.
Newport News, VA 23606
Email: cnorthlaw@aol.com,
wdowninglaw@aol.com
*Counsel for Plaintiff and Counter Defendant Beiler*

I hereby certify that I have mailed the document to the following non CM/ECF participants:

Scott Foster
9507 Sertoma Road
Chapel Hill, NC 27516

**HAYNSWORTH SINKLER BOYD, PA**

*s/ Charles M. Sprinkle*

Charles M. Sprinkle III, N.C. Bar No. 28096
E-mail: csprinkle@hsblawfirm.com
Kenneth N. Shaw, N.C. Bar No. 45011
E-mail: kshaw@hsblawfirm.com
ONE North Main, 2nd Floor
Post Office Box 2048 (29602-2048)
Greenville, South Carolina 29601-2772
Phone: (864) 240-3200
Fax: (864) 240-3300
*Attorneys for Fifth Third Bank*